

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL  212 • 309 • 1000
FAX  212 • 309 • 1100

JOSEPH J. SALTARELLI
DIRECT DIAL: 212 • 309 • 1048
EMAIL: jsaltarelli@HuntonAK.com

August 2, 2018

FILE NO: 10872. 1

**Via CM/ECF**

Honorable Brian M. Cogan
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:     *Tagger v. The Strauss Group, Ltd.*, 18-cv-2923 (BMC)(LB)

Dear Judge Cogan:

We represent Defendant Strauss Group Ltd. ("Strauss"), and write pursuant to Your Honor's Individual Rule III.A.2 to request a pre-motion conference and leave to file a motion to dismiss the First Amended Complaint (ECF No. 16) ("FAC"). All of the claims asserted in the FAC arise out of events and legal proceedings – the latter still ongoing – that took place entirely in Israel. For the reasons that follow, this action should be dismissed.

**I.     The FAC does not adequately allege subject matter jurisdiction.**

Plaintiff has asserted subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) (diversity of citizenship). FAC ¶ 3. Plaintiff accordingly has the burden to prove the parties are completely diverse.[1] While Plaintiff alleges, correctly, that Strauss is an Israeli corporation with its principal place of business in Israel, there are no allegations in the FAC regarding Plaintiff's citizenship. For this reason, the FAC is deficient on its face.[2] The allegation that Plaintiff resides and is permanently domiciled in New York (FAC ¶ 1), even assuming its truth for purposes of a motion to dismiss, is insufficient to demonstrate complete diversity of citizenship.

Upon information and belief, Plaintiff is a citizen of Israel. Unless Plaintiff is also a U.S. citizen or a permanent resident holding a valid Green Card, he would be an alien for purposes of subject matter jurisdiction. Since Strauss is an alien, complete diversity of citizenship would not exist insofar as "diversity is lacking ... where the only parties are foreign entities ..."[3] At a minimum,

---

[1] *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) ("Plaintiffs bear the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists" and "jurisdiction must be shown affirmatively.").

[2] *See, e.g., Boorman v. United Parcel Serv. of America, Inc.*, 1998 WL 541583, at *2 (2d Cir. March 13, 1998) (affirming dismissal of complaint premised upon diversity of citizenship, *inter alia*, because it included no allegations regarding plaintiff's own citizenship or the corporate citizenship of the defendant).

[3] *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).



Honorable Brian M. Cogan
August 2, 2018
Page 2

Plaintiff must demonstrate his Israeli, American, dual or other citizenship, or permanent resident immigration status. No determination as to subject matter jurisdiction can be made until such proof is submitted to the Court.

### II. The Court lacks personal jurisdiction over Strauss due to improper service of process.

Plaintiff was required to serve the Summons and Complaint on Strauss, an Israeli corporation, pursuant to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Convention"), to which both the United States and Israel are signatories. Plaintiff appears to have attempted service of process by delivering the Summons and original Complaint (ECF No. 1) to Strauss in Israel through a private process server (ECF No. 9), and to the New York Secretary of State (ECF No. 17), rather than to Israel's Central Authority, as required under the Convention.[4] Plaintiff's service of the FAC on Strauss's New York counsel pursuant to Fed. R. Civ. P. 5 cannot overcome his defective service of the Summons and original Complaint. Proper service of process under Fed. R. Civ. P. 4 is a prerequisite to any Court's exercise of jurisdiction over Strauss.

### III. The FAC should be dismissed for lack of personal jurisdiction.

Even if it had been properly served, Strauss is not subject to general personal jurisdiction in New York. It is an Israeli company with its principal place of business in Israel. It is not registered to do business, and does not transact business, own, use or possess real property, or maintain an office, employees or agents in New York.

And Strauss is not subject to jurisdiction under New York's long-arm statute, Section 302(a)(2) of the Civil Practice Law and Rules. Insofar as all of the acts complained of occurred in Israel, Plaintiff cannot satisfy the requirement that any alleged injury to him occurred in New York. The fact that Plaintiff currently resides in New York is an insufficient basis to assert long-arm jurisdiction over Strauss. Nor would exercise of jurisdiction over Strauss comport with due process under the Constitution.

### IV. The FAC should be dismissed on *forum non conveniens* grounds.

Even assuming the existence of subject matter jurisdiction and personal jurisdiction, this action does not belong in New York. A plaintiff's choice of forum is entitled to little deference "where the operative facts underlying the action have no material connection with the chosen forum."[5] This case has no connection whatsoever to New York. Plaintiff alleges that he visited *Israel,* was

---

[4] Convention, Arts. 5–7 (Central Authority).
[5] *Chubb Ins. Co. of Eur. S.A. v. M/V Humboldt Express*, 2003 U.S. Dist. LEXIS 19085, at *5 (S.D.N.Y. Oct. 22, 2003).



Honorable Brian M. Cogan
August 2, 2018
Page 3

temporarily restricted from departing *Israel*, pursuant to *Israeli* law, enforced in an *Israeli* legal proceeding brought for breach of an agreement entered into *in Israel* between Plaintiff and Strauss, both citizens of *Israel*. Plaintiff's bringing suit here is forum-shopping plain and simple.

Moreover, Israel is an adequate alternative forum because Strauss is "amenable to service of process there, and [because Israel] permits litigation of the subject matter of the dispute."[6] In fact, there is pending litigation between the parties in Israel that prompted application of the exit restriction giving rise to all of Plaintiff's claims in this case.

Lastly, courts in this Circuit routinely dismiss actions on *forum non conveniens* grounds where the balancing of private and public interest factors weighs heavily in favor of dismissal.[7] Here, documents and witnesses are in Israel, non-party witnesses likely reside in Israel and are beyond the Court's subpoena power, documents would need to be translated from Hebrew, Israeli law would apply, and Israel has far greater interest in a dispute regarding the validity and application of its exit restriction rules. Meanwhile, New York has no connection to the dispute at all.

## VI. The FAC fails to state a claim upon which relief may be granted.

Finally, should the Court ever reach the merits (it should not), none of the nine causes of action asserted in the FAC states a claim upon which relief may be granted.[8] Thus, all are subject to dismissal under Fed. R. Civ. P. 12(b)(6).

---

[6] *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003). In this Circuit, Israel is routinely held to be an adequate alternative forum. *See, e.g., ICC Indus. Inc. v. Israel Disc. Bank*, Ltd., 170 F. App'x 766, 768 (2d Cir. 2006) ("The district court also correctly identified Israel as providing an adequate forum.").

[7] *See, e.g., Pollux Holding Ltd.*, 329 F.3d at 76 (affirming *forum non conveniens* dismissal where the testimony of several key witnesses could be compelled only in England, England had a stronger local interest in the dispute, most of the relevant conduct occurred in England, and English law would apply to most of plaintiffs' tort claims).

[8] The first claim is unidentified, and no reference is made to U.S. law of any kind. Defamation (second claim) is not cognizable in New York when the alleged defamatory statement was made outside the state. In any case, the statute of limitations has expired. New York does not recognize civil conspiracy to commit a tort (third claim) as an independent cause of action. The fourth cause of action, for negligence, fails to allege the claim's essential elements, no less sufficient facts to support it. No civil claim for "obstruction of justice" (fifth) or "fraud on the court" (sixth) exists under New York law. Negligent infliction of emotional distress is not an independent tort; rather, it is based on the tort of negligence. Nor does Plaintiff adequately allege claims for negligent or intentional infliction of emotional distress, or tortious interference with contract. Finally, the ninth cause of action for "violation of human rights" allegedly arises under the Universal Declaration of Human Rights and the International Covenant on Civil and Political Rights, but neither provides a basis for relief in a U.S. court via private right of action. Strauss reserves the right to seek sanctions in the form of attorneys' fees and costs for the filing of this vexatious litigation.



Honorable Brian M. Cogan
August 2, 2018
Page 4

For the foregoing reasons, Strauss respectfully requests a pre-motion conference to address its contemplated motion to dismiss.

                                            Respectfully,

                                            *Joseph Saltarelli*

                                            Joseph J. Saltarelli

cc:     Benjamin Tagger (via CM/ECF, regular mail, and email)